BWW#: 88936

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| IN RE: | Case No. 15-50847-SCS |
| HAYDEN JEROME TUCKER | |
| MARY LEE PETERS-TUCKER | |
| AKA MARY L. TUCKER | |
|     Debtors | Chapter 13 |
| _____ | |
| SETERUS, INC AS THE AUTHORIZED | |
| SUBSERVICER FOR FEDERAL | |
| NATIONAL MORTGAGE | |
| ASSOCIATION ("FANNIE MAE"), | |
| CREDITOR C/O SETERUS, INC. | |
|     Movant | |
| | |
| v. | |
| | |
| HAYDEN JEROME TUCKER | |
| MARY LEE PETERS-TUCKER | |
| AKA MARY L. TUCKER | |
|     Debtors/Respondents | |
| | |
| and | |
| R. CLINTON STACKHOUSE, JR. | |
|     Trustee/Respondent | |

_____

## AGREED ORDER MODIFYING THE AUTOMATIC STAY

    This matter comes before the Court on the Motion for Relief from Automatic Stay, filed on May 19, 2016 (the "Motion") on behalf of Seterus, Inc as the Authorized Subservicer for Federal National Mortgage Association ("Fannie Mae"), Creditor c/o Seterus, Inc. (the "Movant"), by counsel.

    WHEREAS, the Movant is the current holder of the promissory note in the original principal amount of $189,600.00 (the "Note"), the payment of which is secured by a deed of trust dated June 28, 2007 (the "Deed of Trust"), which Deed of Trust encumbers real property known as 303 Heacox Lane, Newport News, VA 23608 (the "Property") and more particularly described as follows:

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING

_____

Karl Anthony Moses, Jr., VSB# 89433
8100 Three Chopt Road, Suite 240
Richmond, VA 23229
(804) 282-0463
*Counsel for the Movant*

IN THE CITY OF NEWPORT NEWS, VIRGINIA, KNOWN AND DESIGNATED AS LOT TWENTY SEVEN (27), IN BLOCK LETTERED "C", AS SHOWN ON THAT CERTAIN PLAT ENTITLED, "PLAT OF WINDSOR GREAT PARK, SECTION NINE A, NEWPORT NEWS, VIRGINIA," MADE BY JOHN E. SIRINE AND ASSOCIATES, SURVEYORS AND ENGINEERS, DATED JANUARY 1974 AND RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS, VIRGINIA, IN PLAT BOOK 10, PAGE 44, TO WHICH REFERENCE IS HERE MADE.

IT BEING THE SAME PROPERTY CONVEYED TO HAYDEN J. TUCKER AND MARY L. TUCKER BY DEED FROM JOHN F. POWNALL AND CATHERINE L. POWNALL DATED 7-25-97, RECORDED 8-11-97, IN THE CLER'S OFFICE AFORESAID IN DEED BOOK 1473, AT PAGE 0309.; and

WHEREAS, Hayden Jerome Tucker and Mary Lee Peters-Tucker aka Mary L. Tucker (the "Debtors") and the Movant have reviewed the Motion and reached an agreement in this matter, the terms of which are set forth herein,

NOW THEREFORE IT IS HEREBY ORDERED that the automatic stay imposed by 11 U.S.C. §362(a) shall be and the same is MODIFIED, pursuant to 11 U.S.C. §362(d), to permit the Movant to take such action as may be necessary to enforce its lien of the Deed of Trust, including the initiation of foreclosure proceedings against the Property and commencement of any action to obtain possession of the Property as permitted by applicable state law.

IT IS FURTHER ORDERED that the provisions lifting the automatic stay in this Agreed Order Modifying the Automatic Stay (the "Agreed Order") are stayed, contingent upon the Debtors' continued compliance with the terms of this Agreed Order, and provided that the following conditions are met:

1. The Debtors shall resume making regular monthly installment payments to the Movant in the amount of $965.80 (subject to adjustment due to interest rate changes, changes to escrow and all other conditions and obligations set forth in the Note and Deed of Trust), commencing on August 1, 2016, and the Debtors shall continue to make regular monthly installment payments every month thereafter as the payments become due, in accordance with the Note.

2. The Debtors shall cure the post-petition arrearage due to the Movant through August 1, 2016, in the total amount of $561.21, which includes filing fees of $176.00, attorney's fees of $850.00, and credit for funds currently in suspense in the amount of $464.79, by making the following payments to the Movant:

      a.    $62.35 on or before September 15, 2016;
      b.    $62.35 on or before October 15, 2016;

   c.  $62.35 on or before November 15, 2016;
   d.  $62.35 on or before December 15, 2016;
   e.  $62.35 on or before January 15, 2017;
   f.  $62.35 on or before February 15, 2017;
   g.  $62.35 on or before March 15, 2017;
   h.  $62.35 on or before April 15, 2017; and
   i.  $62.41 on or before May 15, 2017.

  3. For purposes of making the arrearage cure payment(s) set forth in paragraph two (2) hereinabove, the Debtors will obtain additional funds from a cut in budget items, entertainment, home maintenance, and clothing.

  4. All payments shall be made payable to the Movant at the following address:

Seterus, Inc.
PO Box 1047
Hartford, CT 06143

  IT IS FURTHER ORDERED that once the Debtors make all of the stipulated payments and the regular monthly mortgage payments during the cure period as required in the Agreed Order, then all mortgage payments, costs, fees and late charges shall be deemed current from the date of filing of the bankruptcy through the date of the entry of the Agreed Order.

  IT IS FURTHER ORDERED that if any payment or portion of any payment required to be made hereunder is not received by the Movant by the date that it is due, then the Debtors shall be in default under the terms of this Agreed Order. In such event, the Movant may file with the Court, and mail to the Debtors, Debtors' counsel, and the Chapter 13 Trustee (the "Trustee") by regular mail, a notice of the default under the terms of the Agreed Order, stating the amount of the default and the amounts due pursuant to this Agreed Order. If the Debtors do not cure the default set forth in the notice of default (along with any additional amounts that have subsequently become due) within fifteen (15) days of the date of the notice of default, then the automatic stay of 11 U.S.C. §362(a) shall be automatically deemed lifted in this case without any further proceeding, action or order of this Court, and the Movant shall thereafter be allowed to enforce its lien of the Deed of Trust, including the initiation of foreclosure proceedings against the Property, and commencement of any action to obtain possession of the Property as permitted by applicable state law.

IT IS FURTHER ORDERED that if a second such notice of default is filed by Movant after Debtors reinstate under the terms of a first notice of default, then the automatic stay in this case shall be automatically deemed lifted without any further proceeding, action or order of this Court, and the Movant shall thereafter be allowed to enforce its lien of the Deed of Trust, including the initiation of foreclosure proceedings against the Property and commencement of any action to obtain possession of the Property as permitted by applicable state law.

IT IS FURTHER ORDERED that if the holder of any other deed of trust encumbering the Property obtains relief from the automatic stay, then the Movant herein is automatically granted relief from the automatic stay.

IT IS FURTHER ORDERED that if the automatic stay is lifted, the Trustee shall be notified and shall thereafter make no payments on the Movant's secured claim that were required by the Debtors' Chapter 13 plan.

IT IS FURTHER ORDERED that the Movant shall promptly notify the Trustee in writing of the results of any foreclosure sale of the subject deed, and pay to the Trustee any excess funds received from such foreclosure sale, to be disbursed upon further order of the Court.

IT IS ORDERED.

Date: Aug 30 2016

/s/ Stephen C. St.John
Judge, U.S. Bankruptcy Court
for the Eastern District of Virginia
Newport News Division
Entered on Docket: Aug 30 2016

**WE ASK FOR THIS:**

*/s/ Karl Anthony Moses, Jr.*
Karl Anthony Moses, Jr., VSB# 89433
BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA  23229
(804) 282-0463 (phone)
(804) 282-0541 (facsimile)
bankruptcy@bww-law.com
*Counsel for the Movant*

## CERTIFICATION OF DEBTORS' ATTORNEY

I acknowledge that I approve of the foregoing Agreed Order and that by my endorsement I hereby represent that the Debtors have been advised of the terms of the agreement as set forth in this Agreed Order.

                                                                _/s/ Barry W. Spear_____for:__
                                                                John Russell Bollinger
                                                                 Boleman Law Firm, P.C.
                                                                 Convergence Center III
                                                                 272 Bendix Road, Suite 330
                                                                 Virginia Beach, VA 23452
                                                                 *Counsel for the Debtors*

**SEEN:**

_/s/ R. Clinton Stackhouse, Jr.__
R. Clinton Stackhouse, Jr., Trustee
7021 Harbour View Boulevard
Suite 101
Suffolk, VA 23435
*Chapter 13 Trustee*

## CERTIFICATION

I HEREBY CERTIFY that the foregoing proposed Agreed Order Modifying the Automatic Stay has been endorsed by or on behalf of all necessary parties, in accordance with Local Rule 9022-1.

                                                                _/s/ Karl Anthony Moses, Jr.__
                                                               Karl Anthony Moses, Jr.

cc:

BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA  23229

John Russell Bollinger
Bolemn Law Firm, P.C.
Convergence Center III
272 Bendix Road, Suite 330
Virginia Beach, VA 23452

R. Clinton Stackhouse, Jr., Trustee
7021 Harbour View Boulevard
Suite 101
Suffolk, VA 23435

Hayden Jerome Tucker
303 Heacox Lane
Newport News, VA  23608

Hayden Jerome Tucker
P.O. Box 15594
Newport News, VA  23608

Mary Lee Peters-Tucker
303 Heacox Lane
Newport News, VA  23608

Mary Lee Peters-Tucker
P.O. Box 15594
Newport News, VA  23608

NN.MOD.STIP